## In re Nancy F.

*Chester Gitt Schultz,* for petitioner.

MACPHAIL, *P. J.,* December 1, 1977—On February 11, 1974, Nancy F. was adjudicated a dependent child under the provisions of the Juvenile Act of December 6, 1972, P. L. 1464, 11 P. S. § 50-101 et seq. She was placed under the supervision and control of Adams County Children's Services on August 26, 1974, for placement in a foster home. Nancy's current status is that of a foster child in the temporary legal custody of Adams County Children's Services. The child's natural mother maintains contact with the child but is unable to care for her (Nancy has only one functioning parent).

Adams County Children's Services has filed a petition with us requesting us to authorize orthodontic procedures and dental surgery for the child since, in the opinion of petitioner, such procedures were more than the "ordinary medical care" which the agency would be authorized to undertake without court authorization under the provisions of section 30 of the Juvenile Act of June 8, 1893, P. L. 399, 11 P. S. § 30.

After consideration of the petition, we held an evidentiary hearing, notice of which was sent to the child's mother. At the hearing, the executive director of Adams County Children's Services and the child testified. The mother did not appear, although the child indicated that her mother was aware of the hearing time. Notice had been sent to her but was returned with the postal notation "refused." The representative of Adams County Children's Services testified as to the general nature of the proposed treatment for Nancy. It would involve six months of orthodontic procedures prior to surgery and six months of orthodontic procedures after surgery. The surgery would involve the removal of a piece of bone from each side of the child's jaw. A written statement from the orthodontist is attached to the petition. It indicates that Nancy has a Class III skeletal type malocclusion. The report also indicates that if there is no dental intervention to correct the problem, "Nancy can look forward to the possibility of rather severe dental problems." In the opinion of the doctor, such problems include losing her teeth and periodontal disease. It was also the doctor's opinion that it would be extremely difficult for Nancy to be fitted with dentures should she encounter these problems.

The representative for Adams County Children's Services testified that she felt that the procedures were necessary for the child's best interests and care and that they would be conducive to better health for the child. She also said she had discussed this matter with Nancy's mother and that her mother would neither agree to nor object to the procedure.

Finally, the child (who is now 15 and a student

in tenth grade with a fine academic record) testified that she understood the nature of the proposed procedures and that she wanted to have them performed. She also said she had talked with her mother about the problem and that she was "neutral."

We are concerned about our authority in this area of the law. Obviously, this is not a case which presents an immediate, imminent threat or danger to Nancy's life. On the other hand, we are well satisfied that this orthodontic procedure and dental surgery would have more than cosmetic benefit for Nancy. It is a matter of common knowledge that poor teeth may lead to poor digestion which in turn may actually shorten life. Our Superior Court has held in Janet D. v. Carros, 240 Pa. Superior Ct. 291, 362 A. 2d 1060 (1976), that children who are subject to the provisions of the Juvenile Act have a "right to treatment." As noted in that opinion, while "treatment" is not defined in specific language, the act does say that one of its purposes is to provide for the ". . . care, protection and wholesome mental and physical development of children." § 1(b)(1) of the Juvenile Act, 11 P. S. § 50-101.

Most of our appellate cases dealing with the question of when the court may authorize medical treatment involve constitutional questions under the First Amendment where parents object to medical treatment for their children on religious grounds. However, in Green Appeal, 448 Pa. 338, 292 A.2d 387 (1972), our Supreme Court held that in a case where the proposed medical treatment was advisable but not necessary to preserve the child's life, the child should be consulted, notwithstanding parental objections. When the child testified that he did not want the surgery, the Su-

preme Court then affirmed a dismissal of the petition: Green Appeal, 452 Pa. 373, 307 A.2d 279 (1973). In the case now before us, the child wants the surgery; her mother, while not consenting, does not object; and the agency feels that the surgery and orthodontic treatment is necessary for the better health of the child. Although we seem to be in a previously unexplored legal forest, we feel that the agency's concern for the child's health is legitimate and our failure to respond affirmatively to their petition would not be in the child's best interest which, in our opinion, is our polestar in all proceedings affecting children.

## FINDINGS OF FACT

1. Nancy F. is under the jurisdiction of this court.

2. The dental procedures proposed for the minor are not of an emergency nature and her dental problem is not an immediate threat to the child's life.

3. The dental procedures proposed are not within the scope of ordinary medical care.

4. The dental procedures proposed will promote the wholesome, physical development of the child.

5. Unless the dental procedures are performed now, the child's future physical health may be endangered.

6. The child understands the nature and the risk of the proposed procedures and desires that they be performed.

7. The child's responsible parent has not objected to the proposed dental procedures.

## CONCLUSIONS OF LAW

1. Adams County Children's Services has the obligation and duty to provide for and protect the physical and mental health of Nancy F.

2. Nancy F., as a matter of law, is entitled to the treatment proposed for her by petitioner.

## ORDER OF COURT

And now, December 1, 1977, the prayer of the petition is granted. It is ordered that the clerk of courts shall send a copy of this opinion and order by ordinary mail to the child and her mother. Unless written objections or exceptions are filed with the court within ten days of the date hereof or the child changes her mind, petitioner shall proceed to have the orthodontic treatment and dental surgery performed.